IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DISABILITY RIGHTS TEXAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 2:21-cv-00170 |
| | § | |
| CRAIG DESMOND, in his official capacity | § | |
| as President of CHRISTUS SPOHN | § | |
| HOSPITAL OF CORPUS CHRISTI – | § | |
| SHORELINE | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff Disability Rights Texas complains of Defendant Craig Desmond, in his official capacity as the President of CHRISTUS Spohn Hospital Corpus Christi – Shoreline, and respectfully files this Plaintiff's Original Complaint for declaratory and injunctive relief.

### I.   PRELIMINARY STATEMENT

1. In March 2021, Disability Rights Texas ("DRTx") received a complaint that M.L., a patient of CHRISTUS Spohn Hospital Corpus Christi - Shoreline ("CHRISTUS Shoreline") and a person with an intellectual disability, was denied necessary medical treatment by CHRISTUS Shoreline.

2. DRTx, as Texas's designated Protection and Advocacy System, is entitled to have access to M.L.'s patient records maintained by CHRISTUS Shoreline for the purposes of investigating incidents of abuse or neglect of its patients with disabilities.

3. DRTx has made repeated requests to Defendant to obtain records in accordance with DRTx's federal mandates. The Defendant continues to deny DRTx's request for records in

violation of the Developmental Disabilities Assistance and Bill of Rights Act, 42 U.S.C. § 15001, *et seq.* ("PADD"); the Protection and Advocacy for Mentally Ill Individuals Act, 42 U.S.C. § 10801, *et seq.* ("PAIMI"); and the Protection and Advocacy for Individual Rights Act, 29 U.S.C. § 794e(a) ("PAIR"). These three laws are hereinafter collectively referred to as the "P&A Acts."

4.       DRTx seeks declaratory and permanent injunctive relief to prevent the Defendant from continuing to obstruct DRTx's statutory obligation to protect and advocate on behalf of individuals with disabilities and to investigate incidents of abuse or neglect pursuant to Fed. R. Civ. P. 57 & 65, 28 U.S.C. § 2201, and 42 U.S.C. § 15043(a)(2)(A)(i).

## II.       JURISDICTION

5.       This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 to redress Defendant's violation of the P&A Acts, 42 U.S.C. § 15001, *et seq.*; 42 U.S.C. § 10801, *et seq.*; 29 U.S.C. § 794e(a); and 28 U.S.C. §§ 2201-02.

6.       This Court has authority to grant Plaintiff's claims for declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201-02, and Fed. R. Civ. P. 57 & 65.

7.       Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (b) and (c) because Defendant resides in this district and because the events or omissions complained of herein occurred in this district.

## III.   PARTIES

8.       Plaintiff DRTx is a nonprofit Texas corporation mandated by Congress to protect and advocate for the civil rights of persons with disabilities. DRTx is designated by the State of Texas to perform this Congressional mandate pursuant to the PADD Act, 42 U.S.C. §§ 15001-03, the PAIMI Act, 42 U.S.C. §§ 10802-03, and the PAIR Act, 29 U.S.C. 794e(f)(2).

9.      DRTx spends considerable time and resources monitoring and investigating conditions, and advocating for the rights of people receiving services from entities providing services, supports, and other assistance to individuals with disabilities, including medical hospitals.

10.     Defendant Craig Desmond is the President of CHRISTUS Shoreline and was at all times during the actions described by this suit. CHRISTUS Shoreline is a nonprofit company operating in the State of Texas and, specifically, in Nueces County, Texas. It provides medical care and treatment to its patients. It is located at 600 Elizabeth Street, Corpus Christi, Texas 78404. Defendant Desmond, by law and contract, is responsible for the implementation of the policies, procedures, practices, and customs at CHRISTUS Shoreline, as well as ensuring that CHRISTUS Shoreline complies with federal and state laws. Defendant is also responsible for the acts and omissions challenged by this suit.  Defendant Craig Desmond may be served with process at Corporation Service Company – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

11.     Wherever Plaintiff uses the word "Defendant" in this petition it means Defendant, his agents, employees, successors, and all persons acting in concert with him and at his direction.

## IV.   FACTS

12.     Because many persons with disabilities are subject to abuse and neglect in facilities and are often unlikely to report abuses committed by the people who provide them care, Congress mandated that each state have a Protection and Advocacy System (P&A). Congress designed these P&As to have independent access to providers of services and treatment, and their records in order to detect, prevent, and investigate such abuse and neglect. Because the State of Texas receives federal funds under the P&A Acts, it is required to designate a system to protect and advocate for

the rights of individuals with disabilities, including investigating incidents of abuse and neglect of individuals with disabilities. *See e.g.*, 42 U.S.C. § 15001, *et seq.*; 42 U.S.C. § 10801, *et seq.* The State of Texas has designated DRTx as its Protection and Advocacy System.

13.     The P&A Acts authorize DRTx to access the records of CHRISTUS Shoreline, as a provider of services to individuals with disabilities including intellectual and developmental disabilities. 42 U.S.C. § 15043(a)(2)(I)-(J);  42 U.S.C. §§ 10802(3), 10805(a)(4), 10806; *see also* 45 C.F.R. § 1326.25; 42 C.F.R. §§ 51.2, 51.41, 51.43.

14.     Despite Plaintiff DRTx's statutory right to access CHRISTUS Shoreline medical records, the Defendant continues to deny DRTx's request for records. Without such access, DRTx is not able to perform its Congressionally-mandated Protection and Advocacy role.

15.     On or around March 17, 2021, DRTx received a complaint regarding the failure of an unknown hospital to provide necessary medical treatment to M.L. M.L. is a person with an intellectual and developmental disability who, because of their mental or physical condition, is unable to authorized DRTx to access their records. M.L. also does not have court-appointed guardian or other legally authorized representative.

16.     Pursuant to its federal mandate and P&A access authority, DRTx began its investigation into the alleged neglect of M.L. and identified CHRISTUS Shoreline as the hospital who failed or refused to provide necessary medical care to M.L.

17.     On May 25, 2021, pursuant to its P&A authority, DRTx sent a fax to Defendant's records department requesting M.L.'s medical records. The request sought copies of M.L.'s entire CHRISTUS Shoreline medical record including all of M.L.'s care and treatment records from September 20, 2020 to May 25, 2021.

18.     On May 28, 2021, CHRISTUS Shoreline acknowledged receipt of DRTx's request but denied the request because DRTx had not included a release of information. DRTx staff communicated with CHRISTUS Shoreline staff to clarify DRTx's authority to access the requested records pursuant to the P&A Acts.

19.     Throughout June and July 2021, DRTx attempted to engage with CHRISTUS Shoreline staff on three different occasions and provided additional information and case law regarding DRTx's federal right to access CHRISTUS Shoreline's records; however, CHRISTUS Shoreline continued to deny DRTx access to M.L.'s records.

20.     To date, the Defendant has not provided any records responsive to DRTx's request and to which DRTx is entitled in order to investigate the allegation of neglect of M.L.

21.     Despite Plaintiff DRTx's statutory right to obtain records, Defendant is barring DRTx from requested patient records. Without such access, DRTx is not able to perform its Congressionally-mandated Protection and Advocacy role.

22.     Under the above-described circumstances, Defendant has acted in his official capacity to create and maintain a system that impedes the Congressionally-mandated functions and duties of DRTx at CHRISTUS Shoreline. While Plaintiff DRTx has no obligation to exhaust administrative or other remedies in this case, it has spent considerable time giving Defendant reasonable opportunity to learn of DRTx's role and authority and to allow DRTx the full, complete, meaningful, and timely access to CHRISTUS Shoreline that it is afforded by federal law. Unfortunately, Defendant has continued to deny DRTx the access to which it is entitled.

## V.  CAUSE OF ACTION – VIOLATION OF THE P&A ACTS

23.     DRTx restates and incorporates by reference each of the allegations contained in Paragraphs 1 through 22 above.

24.     DRTx, as Texas's designated Protection and Advocacy System, has the authority to access records of programs serving people with disabilities and the confidential records of people with disabilities. 42 U.S.C. § 15043(a)(2)(I)-(J); 42 U.S.C. §§ 10805(a)(4), 10806; *see also* 45 C.F.R. § 1326.25; 42 C.F.R. §§ 51.41, 51.43.

25.     Defendant's failure to permit DRTx access to patient records violates the Developmental Disabilities Assistance and Bill of Rights Act, 42 U.S.C. § § 15001, *et seq.*; the Protection and Advocacy for Mentally Ill Individuals Act, 42 U.S.C. § 10801, *et seq.*; and the Protection and Advocacy for Individual Rights Act, 29 U.S.C. § 794e(a).

26.     DRTx has no adequate remedy at law and will be irreparably harmed if the Defendant is permitted to continue to deny it access to M.L.'s records.

## VI.   DECLARATORY RELIEF

27.     Plaintiff DRTx restates and incorporate by reference herein each of the allegations contained in Paragraphs 1 through 26 above.

28.     Plaintiff DRTx requests that, after notice and hearing, this Court enter a declaratory judgment that Defendant's policies, procedures, regulations, and practices of continuing to deny DRTx full, complete, meaningful, and timely access to requested records violated and continues to violate the P&A Acts.

## VII. INJUNCTIVE RELIEF

29.     DRTx restates and incorporates by reference each of the allegations contained in Paragraphs 1 through 28 above.

30.     The policies, procedures, regulations, practices, and customs of Defendant violated and continue to violate the rights of DRTx under the P&A Acts to access M.L.'s records. These policies, procedures, regulations, and practices will continue to violate DRTx's right to

access M.L.'s CHRISTUS Shoreline patient records in the future unless Defendant is permanently enjoined.

31.     Plaintiff DRTx requests that the Court enter a permanent injunction enjoining Defendant from continuing to deny full, complete, meaningful, and timely access by Plaintiff DRTx to M.L.'s records maintained by CHRISTUS Shoreline.

## PRAYER

WHEREFORE, Plaintiff Disability Rights Texas respectfully prays that this Court:

(a)     Issue a declaratory judgment that Defendant's policies, procedures, regulations, and practices of denying DRTx access to patient records violates the Developmental Disabilities Assistance and Bill of Rights Act, 42 U.S.C. §§ 15001, *et seq.*; the Protection and Advocacy for Mentally Ill Individuals Act, 42 U.S.C. § 10801, *et seq.;* and the Protection and Advocacy for Individual Rights Act, 29 U.S.C. § 794e(a);

(b)     Grant permanent injunctive relief that enjoins Defendant, his agents, and employees from denying DRTx access to M.L.'s CHRISTUS Shoreline patient records;

(c)     Award Plaintiff DRTx its reasonable and necessary attorneys' fees and costs pursuant to 28 U.S.C. § 2202 and 42 U.S.C. § 1988; and

(d)     Award such other and further relief, at law or equity, to which Plaintiff DRTx is justly entitled.

Respectfully submitted,

BETH MITCHELL
Attorney in Charge
State Bar No. 00784613
Federal ID No. 29054
bmitchell@drtx.org
LISA SNEAD
State Bar No. 24062204
lsnead@drtx.org
DISABILITY RIGHTS TEXAS
2222 W. Braker Lane
Austin, Texas 78758
(512) 454-4816 (Phone)
(512) 454-3999 (Fax)

KAYLA M. PUGA
State Bar No. 24078338
DISABILITY RIGHTS TEXAS
4747 S. Loop 289, Ste. 120
Lubbock, TX 79416
(806) 765-7794 (Phone)
(806) 765-0496 (Fax)
kpuga@drtx.org

ATTORNEYS FOR PLAINTIFF